**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Elsa Elorriaga, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 8198 |
| | ) | |
| Simm Associates, Inc., a Delaware | ) | |
| corporation, LVNV Funding, LLC, a | ) | |
| Delaware limited liability company | ) | |
| Resurgent Capital Services, L.P., a | ) | |
| Delaware limited partnership and | ) | |
| Valentine & Kebartas, Inc., a | ) | |
| Massachusetts corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Elsa Elorriaga, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) most of the acts and

transactions occurred here; and b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Elsa Elorriaga ("Elorriaga"), is a citizen of the State of Florida,

from whom Defendants attempted to collect a delinquent consumer debt owed to

Citibank, which was then allegedly owed to a bad debt buyer, "Resurgent Capital

Services" and/or "LVNV Funding", despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Simm Associates, Inc. ("Simm"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Simm operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendants Resurgent and LVNV are sister corporations.  Defendant LVNV is a bad debt buyer, and Defendant Resurgent manages collection of the debts that LVNV buys.

8.      Defendant, Valentine & Kebartas, Inc. ("V&K"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  V&K collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9.      All of the Defendants are licensed to conduct business in Illinois and maintain registered agents here, see, record from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants conduct business in Illinois.

10.     Moreover, all of the Defendants are licensed as collection agencies in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

11.     Ms. Elorriaga is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Citibank.  At some point in time after that debt became delinquent, it was bought by LVNV, and when Defendants began trying to collect this debt from Ms. Elorriaga, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12.     Specifically, Defendant LVNV hired Defendant Simm to demand payment of the Citibank debt from Ms. Elorriaga, and on March 12, 2010, sent Ms. Elorriaga a collection letter.  This collection letter confusingly stated that LVNV Funding was the "CURRENT CREDITOR", but that Resurgent Capital Services was its "CLIENT" and had purchased the debt from Citibank.  A copy of this letter is attached as Exhibit C.

3

13.     Accordingly, on April 19, 2010, one of Ms. Elorriaga's attorneys at LASPD informed Defendants LVNV and Resurgent, through their agent, Defendant Simm, that Ms. Elorriaga was represented by counsel, and directed them to cease contacting her, and to cease all further collection activities because Ms. Elorriaga was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

14.     Defendants LVNV and Resurgent then had Defendant V&K send Ms. Elorriaga a collection letter, dated October 8, 2010, which demanded payment of the Citibank debt.  Continuing with the confusion, this collection letter stated that the owner of the account was LVNV Funding, but that that Resurgent was its client.  A copy of this collection letter is attached as Exhibit E.

15.     Accordingly, on November 16, 2010, Ms. Elorriaga's LASPD attorney sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

16.     All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify The Current Creditor Effectively**

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with an effective

validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

20.     Defendants' form collection letters leave anyone, let alone the unsophisticated consumer, with no idea as to who the creditor actually is, LVNV or Resurgent.  Thus, Defendants' form collection letters violate § 1692g(2) of the FDCPA.

21.     Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**Making False Statements**

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

24.     Defendants' form collection letters, referencing two different entities as the possible creditor, without any explanation of the relationship between them, are false, deceptive or misleading, in violation of § 1692e of the FDCPA.

25.     Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

26.     Plaintiff adopts and realleges ¶¶ 1-17.

27.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

28.     Here, the letters from Ms. Elorriaga's agent, LASPD, told Defendants to

cease communications and to cease collections.  By continuing to communicate

regarding this debt and demanding payment, or by failing to note the cease and desist

notice that they had received, Defendants violated § 1692c(c) of the FDCPA.

29.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

30.     Plaintiff adopts and realleges ¶¶ 1-17.

31.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

32.     Defendants knew, or readily could have known, that Ms. Elorriaga was

represented by counsel in connection with her debts because her attorneys at LASPD

had informed Defendants, in writing, through its agents, that Ms. Elorriaga was

represented by counsel, and had directed a cessation of communications with Ms.

Elorriaga.  By directly sending Ms. Elorriaga collection letters, or by failing to note the

notice that they had received, despite being advised that she was represented by

counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

33.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable

for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elsa Elorriaga, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Elorriaga, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elsa Elorriaga, demands trial by jury.

Elsa Elorriaga,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  December 27, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com